Caruthers, J.,
delivered the opinion of the Court.
We are constrained to reverse the judgment in this case, without looking into the merits or examining the legal questions presented, upon the single ground that the verdict was obtained under circumstances that it *566 cannot be permitted to stand even if no otter errors, existed. The matter is thus stated in the bill of exceptions :
“ The jury were charged by the Court on Thursday morning. After they had been out some time, they • returned and reported they could not agree. The Court, after giving them some instructions, went on to tell them of the importance of their agreeing, and of the expense-to the parties of prolonged litigation. The Court also-told them that he must keep them together until they could agree, telling them that he could remain here until the fourth Monday in next month, as he had no other court till then. The Court also made the following remark to them: ‘ There are some cases in which I have been sometimes, in case of hung juries, almost constrained to tell the jury that it would be letter for them to find a wrong verdict than not to agree at ally as any error we may commit may be corrected by the Supreme Court.’ The Court also told them they must he governed by the law and the facts of the case.”
We would not for a moment suppose that his Honor intended these suggestions to have any improper effect upon the jury, but doubt not that they were ’ prompted by an anxious desire to terminate in his Court a troublesome and expensive suit, and avoid a mis-trial. Yet the effect of such remarks from so high a source were well calculated to mislead them as to the proper grounds and considerations upon which they should found their verdict and settle the rights of the parties. The danger that such would be the effect, whether it was so or not, would be sufficient to vitiate the verdict. Some of them state in their affidavits, filed on the motion for a new *567 trial, that they were influenced by thesé suggestions from the Court to surrender their opinions and concur in the verdict.
The almost conclusive effect given by the law to the finding of juries, as settled in various adjudications in this Court, upon questions of fact, renders it indispensably necessary that they should be properly instructed in the law, and placed under no improper influence-; or in any way misguided in coming to correct conclusions. With all possible precautions on the part of the Circuit Judge, we have sometimes seen that they And against the preponderance of evidence. This we cannot correct, if there be any evidence to sustain them. It was, therefore, a mistake in his Honor to tell them, as he did, that this Court could correct any errors they might commit.
It was also calculated, perhaps, to have an undue influence upon them to threaten to keep them confined after the business of the Court was over, and until it would he necessary to hold another Court, some weeks off. It is the duty of a jury to make every possible effort to agree upon a verdict, and not improper in the Court to urge them to do so, that the li ligation may be speedily terminated, and the ruinous expense of mis-trials avoided. But these considerations should not influence them to violate their consciences by uniting in a verdict believed by them, upon the law and facts, to be wrong. The harsh and unreasonable, if not cruel, treatment of juries once tolerated in England, to foree their consciences and judgments, and coerce a concurrence in a vordiet, has long since been condemned and repudiated there and here. They should he left to the free and *568 fair exercise of their judgments, and not subjected to threats or coercion to induce them to surrender their honest judgments.
Let the judgment be reversed, and a new trial granted.